﻿Citation Nr: AXXXXXXXX
Decision Date: 01/30/20 Archive Date: 01/30/20

DOCKET NO. 191212-49717
DATE: January 30, 2020

ORDER

1. Entitlement to special monthly pension at the aid and attendance rate prior to May 8, 2019 is denied.

2. Deduction of unreimbursed room and board expenses from a senior living facility from income since November 8, 2017, for purpose of receiving Department of Veterans Affairs (VA) pension benefits, is granted.

FINDINGS OF FACT

1. The probative evidence of record is against a finding that the appellant’s conditions rendered her helpless or so nearly helpless that she required the regular aid and attendance of another person prior to May 8, 2019.

2. The appellant was residing in a senior living facility since the date she filed an application for survivor’s pension in November 2017; the appellant received custodial care through an arrangement with her son and a physician indicated she needed to live in her senior living facility to receive care from her son.

CONCLUSIONS OF LAW

1. Prior to May 8, 2019, the criteria for entitlement to special monthly pension at the aid and attendance rate were not met. 38 U.S.C. § 1521; 38 C.F.R. §§ 3.3, 3.23, 3.271, 3.272, 3.273.

2. The appellant’s unreimbursed room and board expenses from a senior living facility since November 8, 2017 are deductible medical expenses. 38 U.S.C. § 1541; 38 C.F.R. §§ 3.23, 3.272, 3.273 (2017); see also Rescinded Fast Letter 12-23. 

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from June 1945 to July 1946. The Veteran died in November 2016. The appellant is his surviving spouse. 

The Board of Veterans’ Appeals (Board) notes that these issues are on appeal from a Higher Level Review rating decision issued by a VA Regional Office (RO) on November 27, 2019. On December 12, 2019, VA received the appellant’s Notice of Disagreement which requested Direct Review by the Board of the November 2019 decision by the RO. 38 C.F.R. § 19.2(d).

On appeal, the appellant contends that she is entitled to special monthly pension based on the need for aid and attendance from November 8, 2017, and that from that date, room and board expenses for a senior living facility should be considered deductible medical expenses from her countable income.

Pension benefits are available to surviving spouses of veterans with qualifying service who meet specific income and net worth requirements. 38 C.F.R. § 3.3(b). Special monthly pension is available to a surviving spouse who meets those requirements and is in need of aid and attendance. 38 C.F.R. § 3.351. 

A surviving spouse entitled to VA pension will be paid the maximum annual rate of pension (MAPR) reduced by the amount of her countable income. 38 U.S.C. § 1541; 38 C.F.R. §§ 3.23, 3.273. The MAPR payable is published in tabular form in Appendix B of the VA Adjudication Manual M21-1, and is to be given the same force and effect as if published in the Code of Federal Regulations. 38 C.F.R. § 3.21. Unreimbursed medical expenses can be excluded from annual countable income to the extent that the amount paid exceeds 5 percent of the MAPR. 38 C.F.R. § 3.262. 

1. Aid and Attendance

To establish a need for regular aid and attendance, the appellant must (1) be blind or so nearly blind as to have corrected visual acuity of 5/200 or less, in both eyes, or concentric contraction of the visual field to five degrees or less; (2) be a patient in a nursing home because of mental or physical incapacity; or (3) show a factual need for aid and attendance. 38 U.S.C. § 1502(b); 38 C.F.R. §§ 3.351(c). 

Determinations as to a factual need for aid and attendance must be based on actual requirements of personal assistance from others. In making such determinations, consideration is given to such conditions as the inability to dress and undress, the inability to keep ordinarily clean and presentable, the inability to feed oneself through loss of coordination of the upper extremities or through extreme weakness, or the inability to attend to the wants of nature. It includes the frequent need of adjustment of any special prosthetic or orthopedic appliances which by reason of the particular disability cannot be done without aid. A need for aid and attendance also includes either physical or mental incapacity that requires care or assistance on a regular basis to protect against the hazards or dangers incident to the daily environment. 38 C.F.R. § 3.352(a). 

It is not required that all of the disabling conditions enumerated in 38 C.F.R. § 3.352(a) be found to exist before a favorable rating may be made. The particular personal functions which the appellant is unable to perform should be considered in connection with her condition as a whole. It is only necessary that the evidence establish that the appellant is so helpless as to need regular aid and attendance not that there is a constant need for aid and attendance. 38 C.F.R. § 3.352(a); see Turco v. Brown, 9 Vet. App. 222, 224 (1996) (holding that at least one factor listed in § 3.352(a) must be present to grant special monthly pension based on the need for aid and attendance).

The Board initially notes that the appellant has been granted entitlement to survivor’s pension from November 8, 2017, the date she filed her VA Form 21-0966, Intent to File a Claim for Compensation and/or Pension or Survivor’s Pension and/or DIC. She was found eligible for special monthly pension at the aid and attendance rate effective May 8, 2019, the date of a VA Form 21-2680 Examination for Housebound Status or Permanent Need for Regular Aid and Attendance demonstrating such entitlement.

The appellant has requested an aid and attendance rating back to 2017 because at that time she needed assistance with medications, had an inability to handle her financial affairs, suffered from imbalance and was using a walker to leave home for doctor’s appointments.

A November 2017 affidavit from the appellant’s son certified that he was providing care for the appellant for a monthly fee, to include: assistance with bathing, getting in/out of bed, and walking; transportation to doctor’s offices; help standing, sitting, meal preparation, dressing, undressing, and paying bills; and handling affairs. In a November 2017 statement, the appellant’s senior living facility indicated that their facility and staff provided assistance with a single activity of daily living (ADL), specifically, meal preparation and/or eating. 

In a November 2017 letter, the appellant’s physician indicated that she must reside at a care facility so that she can obtain personal care services from her son. The physician also completed a VA Form 21-2680. On that form, the physician indicated the appellant was 92 years of age and not hospitalized. Her gait was slow. It was noted she could feed herself and prepare her own meals. She did not need assistance in bathing or tending to other hygiene needs. She was not legally blind and did not require nursing home care. She did require medication management. It was noted her son handled her finances. The appellant was well groomed with fair posture. Mild weakness with no restrictions was noted in her upper extremities. It was noted that she was fully ambulatory. Examination of her spine, trunk and neck revealed mild stiffness with no restrictions. It was noted she was having some imbalance without dizziness. It was noted she could leave the home once a week for doctor’s appointments and she used a walker.

In May 2019, the appellant underwent another Examination for Housebound Status or Permanent Need for Regular Aid and Attendance. Given the findings in this report, aid and attendance was established the date of the report. 

The Board finds the most probative evidence is against a finding that prior to May 2019 the appellant was helpless or so nearly helpless as to require the regular aid and attendance of another person. During the period at issue, the appellant was not blind or nearly blind and was not a patient in a nursing home. The record suggests that the appellant required assistance with medication management and finances and needed a walker to ambulate safely, although she was fully ambulatory and able to accomplish all ADLs. Although her son may have been providing assistance with her ADLs, as reflected by the examination report from her physician, her disabilities did not result in her inability to dress or undress, keep ordinarily clean and presentable, feed herself, attend to the wants of nature, or the need of frequent adjustment of any special prosthetic or orthopedic appliances. Care or assistance on a regular basis was also not necessary to protect her from hazards or dangers incident to her daily environment. Her only demonstrated need was assistance with medication management, which is not a factor listed in 38 C.F.R. § 3.352(a) and did not render her helpless. 

2. Deduction of Room and Board Expenses

This claim was filed in November 2017. Since that time, the regulations pertinent to the claim were amended. See 83 Fed. Reg. 47,272 (Sept 18, 2018). Notably, the new § 3.278(d), which deals with when institutional forms of care and in-home care can be deductible medical expenses, only applies with respect to claims for a medical expense deduction for institutional forms of care or in-home care received on or after October 18, 2018 that VA has not previously granted. 38 C.F.R. § 3.278(d) (2019). Previously, unreimbursed medical expenses were allowed to be deducted from income for purposes of the pension program, but the situation at issue in this case was not addressed in the regulations. See 38 C.F.R. § 3.272(g) (2017). Instead, VA policy was outlined in the now rescinded Fast Letter 12-23. 

In pertinent part, rescinded Fast Letter 12-23 allowed pension applicants residing in other than nursing homes and assisted living facilities to deduct room and board as unreimbursed medical expenses in certain circumstances, such as when a physician states in writing that the claimant must reside in that facility to separately contract for custodial care with a third-party provider and that provider provides the individual assistance with two or more ADLs in the residential facility. ADLs refer to basic self-care and include bathing or showering, dressing, eating, getting in or out of bed or a chair, and using the toilet. 38 C.F.R. § 4.124a, Diagnostic Code 8045, Note 3 (2017). 

In this case, the appellant’s room and board expenses at her senior living facility are deductible expenses since November 8, 2017.

In a November 2017 letter, the appellant’s physician indicated that she must reside at a care facility so that she could obtain personal care services from G.D., a third party provider. A November 2017 affidavit from G.D. certified that he was providing care for the appellant for a monthly fee, to include: assistance with bathing, getting in/out of bed, and walking; transportation to doctor’s offices; help standing, sitting, meal preparation, dressing, undressing, and paying bills; and handling affairs. These services amount to assistance with two or more ADLs. 38 C.F.R. § 4.124a, Diagnostic Code 8045, Note 3 (2017). The Board has no reason to doubt the credibility of these statements. 

(Continued on the next page.)

As a physician stated in writing that the appellant needed to reside in a facility to separately contract for custodial care with G.D., and G.D. provided the appellant with assistance with two or more ADLs, any unreimbursed room and board expenses at the senior living facility are deductible as unreimbursed medical expenses. See Rescinded Fast Letter 12-23. 

 

Nathan Kroes

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board C. Boyd Iwanowski, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.